KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.— May, 1885.

KNIGHT *v.* LIDFORD.

*In the matter of the judicial settlement of the account of the executors of the will of* HENRY KNIGHT, *deceased.*

The residue of testator's estate was given by the will, to his executors as trustees, in trust to collect the income and pay the same to designated beneficiaries for life, with remainders over. At the time of testator's death, a portion of the estate consisted of certain shares of the stock of a railroad corporation, whose entire capital was divided into 14,000 shares, of which only 13,052 had ever been issued, the balance, 948 shares, remaining in the treasury. Thereafter, pursuant to a resolution of the board of directors, whereby it was determined to distribute

the unissued shares ratably among the existing stockholders, the executors received, as their quota, 22 shares, which they sold, realizing by the transaction the net amount of $1,741.25. Upon a judicial settlement of their account, the question arising, whether this sum was to be regarded as an augmentation of the capital fund, or the whole thereof was payable to the life tenants, as income,—

*Held*, that the case was to be distinguished from the ordinary one of the declaration of an extra corporate dividend, payable in stock, in that, here, the stockholders merely received a *pro rata* distribution of what already belonged to them, viz.: a portion of the original capital,—the company acquiring no additional property as an equivalent; and that the increase was to be credited to the *corpus* of the estate.

Clarkson v. Clarkson, 18 *Barb.*, 646; Riggs v. Cragg, 26 *Hun*, 89—distinguished.

UPON the judicial settlement of the account of Mary Ann Knight, and others, as executrix and executors of decedent's will, objections thereto were interposed in behalf of Grace A. Lidford and Frank H. Knight, infant beneficiaries in remainder. The facts are stated in the opinion.

JAS. B. KEYES, *for executors.*

F. P. BELLAMY, JOS. H. BARTLETT, *and* A. W. PROCTOR, *for beneficiaries.*

WALTER L. LIVINGSTON, *special guardian.*

THE SURROGATE.—Upon the judicial settlement of the executors' account, two objections were raised by the special guardian of the infants.

1st. The first involves the question whether the extra dividend of a certain number of shares of the original capital stock of the Atlantic Avenue Railroad company, issued to its stockholders since the death of the testator, is to be regarded as capital belonging to the estate, the income of which is to be paid to the life tenants, or as income, the whole of which is to be so paid.

2d. The special guardian for the remaindermen insists that the executors should sell the Brooklyn Park bonds, and the Jersey City Water scrip and bonds, which are now selling at a very high premium, and invest the proceeds thereof for the benefit of the remaindermen.

The testator, by his will, devised and bequeathed the remainder of his estate to his executors and trustees in trust, to be divided into four equal parts, and to collect and receive the income from one fourth thereof, and pay the same to his widow, Mary Ann Knight, during her life, and after her death to pay the principal to his children, share and share alike ; and to collect and receive the income from the other three fourths, and pay the same to his children during life, and after the death of each child to pay the principal of each one fourth to the issue of such child, if any ; the share of any child dying without issue, to be distributed among the surviving children.

It appears, from the account and the testimony submitted in connection with it, that the capital stock of the railroad company mentioned was $700,000, divided into 14,000 shares, each of the par value of $50 ; of which 13,052 shares had previously been issued, leaving a balance of 948 shares in the treasury of the company unissued. At a meeting of the directors of the company after the death of the testator, held September 17th, 1884, it was resolved to issue said 948 shares as follows : to the stockholders of the company as they that day appeared of record on the books of the company, at the rate of seven and one quarter shares for each 100 shares of stock then

owned and held by each stockholder, and in like proportion for any larger or smaller amounts of stock so owned or held. In addition, it was also resolved, that, for the purpose of equalizing fractional parts of shares between stockholders, the stock should be rated at $1.50 (it was then in the market at $1.60), and payments should be received from any stockholder whose fraction of a share should amount to a moiety thereof, in the like manner and at the same rate. On October 1st, 1884, the executors received from the Atlantic Avenue Railroad company 22 shares of the capital stock of said company, paying therefor $18.75 for equalization; and on November 22d, 1884, they sold the same at $80 per share, amounting to $1,760. After deducting the sum of $18.75 paid by them for equalization of shares, they now ask to whom they shall credit the balance of said sale of $1,741.25,—whether the same should be paid to the executors and trustees to be held by them as capital, or be paid by them to the life tenants as income. In reference to the question whether an extra stock dividend shall be deemed capital or income, the English and American decisions are very conflicting, and the question has not been definitely settled by the Court of Appeals of this State.

It is true, that the cases of Clarkson v. Clarkson (18 *Barb.*, 646), and Riggs v. Cragg (26 *Hun*, 89), hold that the same is income. But in Brander v. Brander (4 *Ves.*, 100); Barton's Trust (*L. R.*, 5 *Eq. Cas.*, 238); Minot v. Paine (99 *Mass.*, 101); Doland v. Williams (101 *id.*, 571); Atkins v. Albree (12 *Allen*,

359); and Moss's Appeal (83 *Penn.*, 264), it was held to be capital.

The Court of Appeals of this State, in the case of Riggs v. Cragg (89 *N. Y.*, 487), Chief Justice AN-DREWS writing the opinion of the court, in referring to the question of capital and income of stock dividends, say that " the question has not been settled by the court of last resort, but it will be the duty of this court when occasion arises, to settle the question upon principle, and establish a practical rule for the guidance of trustees and others, which shall be just and equitable as between the beneficiaries of the two estates." I think, however, that the case at bar is distinguishable from the cases of Clarkson v. Clarkson and Riggs v. Cragg (*supra*), inasmuch as the extra dividend in stock was a part of the original capital of the company, which had not been issued, but was held in the treasury, to be issued or sold by the company at such times as it might deem proper.

When this extra dividend was declared and issued, it was simply distributing among the stockholders what then belonged to them, for the company received no additional property or equivalent in any way for the stock so issued. It was only giving to them the balance of the unissued stock, which was held in the treasury. To regard this extra dividend of stock as income, would be unjust to the remaindermen, as it would reduce the value of the original issue of the stock to the extent of the extra stock dividend.

I, therefore, think that the extra dividend in this case must be deemed an augmentation of the capital.

As to the second objection, I think that the trustees should be permitted to hold the investments now in their hands, for the reason that they were investments made by the testator in his lifetime, which by his will he authorized his trustees to hold for the purposes of the trust therein created.

A decree may be entered accordingly.